UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-106-RLV
(5:02-cr-4-RLV-1)
(5:03-cr-7-RLV-1)

| | |
|---|---|
| SAMUEL CLINT BLANCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On May 27, 2003, Petitioner pled guilty to two counts of bank robbery -- one count from Criminal Case No. 5:02cr04 and the other from Criminal Case No. 5:03cr7 -- in violation of 18 U.S.C. § 2113. (Judgment, Criminal Case No. 5:02cr04, Doc. No. 24.) The convictions were consolidated for judgment. (Id.) The Court determined that Petitioner had six qualifying prior convictions, all from North Carolina, that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1991 conviction for breaking or entering; (2) a 1991 conviction for assault on a government official; (3) a 1993 conviction for escape; (4) a 1994 conviction for assault with a deadly weapon; (5) a 1994 conviction for assault on a government official; and (6) a 1994 conviction for assault on a government official. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 16, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set

1

Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Petitioner argues that his prior North Carolina convictions for breaking and entering, assault on a government official, escape, and assault with a deadly weapon no longer qualify as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id., 135 S. Ct. at 2563.

On December 6, 2016, Respondent filed the instant motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 3.) According to Respondent, Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including: whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in Beckles v. United States, No. 15-8544. Respondent shall have 60 days from the date the Supreme Court issues its decision in Beckles to file an

answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED.**

Signed: December 7, 2016

Richard L. Voorhees
United States District Judge