UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-106-RLV
(5:02-cr-4-RLV-1)

| | |
|---|---|
| SAMUEL CLINT BLANCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Government's unopposed motion to hold this action in abeyance. (Doc. 6.) Petitioner Samuel Clint Blancher is represented by the Federal Defenders of Western North Carolina.

On May 27, 2003, Blancher pled guilty to two counts of bank robbery -- one count from Criminal Case No. 5:02cr04 and the other from Criminal Case No. 5:03cr7 -- in violation of 18 U.S.C. § 2113. (Judgment, Criminal Case No. 5:02cr04, Doc. No. 24.) The convictions were consolidated for judgment. (Id.) The Court determined that Blancher had six qualifying prior convictions, all from North Carolina, that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1991 conviction for breaking or entering; (2) a 1991 conviction for assault on a government official; (3) a 1993 conviction for escape; (4) a 1994 conviction for assault with a deadly weapon; (5) a 1994 conviction for assault on a government official; and (6) a 1994 conviction for assault on a government official. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 16, 2016, Blancher commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his

1

sentence under the career-offender guideline in U.S.S.G. § 4B1.2.  Blancher argues that his prior North Carolina convictions for breaking and entering, assault on a government official, escape, and assault with a deadly weapon no longer qualify as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline.  Id., 135 S. Ct. at 2563.

On December 7, 2016, this Court granted the Government's unopposed motion to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).  (Doc. No. 4.)  The Supreme Court issued that decision on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline.  Id. at 890, 895.

In the wake of the Beckles, Blancher filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory.  (Doc. No. 5.)  The Government now moves to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056, a case in which the defendant has argued that his career-offender sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory.  Brown, No. 16-7056, Doc. 42 at 1.

For the reasons stated by the Government, and without objection from Blancher, the Court concludes that the motion should be granted.

2

**IT IS, THEREFORE, ORDERED** that the Government's motion to place this case in abeyance (Doc. No. 6) is **GRANTED**, and this action is held in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056. Thereafter, the Government shall have 45 days from the date of the Brown decision to file an answer, motion, or other response to Blancher's § 2255 motion to vacate.

Signed: May 8, 2017

Richard L. Voorhees
United States District Judge